# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT (DKT. 9)
**JS-6: Remand**

## I. Introduction

Lori Hoeft ("Plaintiff") filed this action in the Los Angeles Superior Court on March 1, 2016. *See* Ex. A to Notice of Removal, Complaint, Dkt. 1-1. The First Amended Complaint ("FAC"), which is the operative pleading, advances 12 causes of action against Time Warner Cable Inc., Time-Warner Cable Media Inc. (collectively, "Time-Warner"), and Mike Shippey ("Shippey") (collectively, "Defendants"). Ex. C to Notice of Removal, FAC, Dkt. 1-3. The claims allege violations of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 *et seq.*, other California statutes and common law. The claims arise from Plaintiffs' former employment at Time-Warner.

On January 12, 2018, almost two years after the action was filed, Defendants removed it pursuant to 28 U.S.C. §§ 1441 and 1446. In support of removal and the associated federal jurisdiction, Defendants contend that the FAC advances claims arising under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Defendant argue that ERISA provides the exclusive remedy for claims under employee benefit plans and preempts state law claims seeking relief related to such plans. *See* Notice of Removal, Dkt. 1 ¶¶ 6-8.

Plaintiff filed a Motion to Remand ("Motion") on February 12, 2018. Dkt. 9. The Motion included a request for an award of attorney's fees pursuant to 28 U.S.C. 1447(c). Defendant filed an opposition to the Motion. Dkt. 16 ("Opposition"). Plaintiff replied. Dkt. 18 ("Reply"). A hearing on the Motion was held on April 30, 2018, and the Motion was taken under submission. Dkt. 20.

For the reasons stated in this Order, the Motion is **GRANTED**. This action is remanded to the Los Angeles Superior Court at its Stanley Mosk Courthouse. Plaintiff's request for an award of attorney's fees is **DENIED**.

## II. Factual Background

Plaintiff alleges that in 2013 she started employment with Time-Warner as an Account Executive. FAC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
|---|---|---|---|
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

Dkt. 1-3 ¶ 19. The FAC alleges that Shippey was employed by Time-Warner in a managerial role, and that he was Plaintiff's supervisor during her employment. *Id.*

Plaintiff alleges that, during the course of her employment, she had certain disabilities, including a "cervical/spinal injury" and an "anxiety/panic disorder." *Id.* ¶ 20. She alleges that these conditions did not prevent her from performing her job duties. However, she alleges that she did ask for reasonable accommodations from Shippey and those in the Time-Warner Human Resources Department. *Id.* The FAC alleges that, as a result of these requests, Defendants "perceived Plaintiff as disabled," and subjected her to adverse consequences including, but not limited to:

- Imposing a policy that Time-Warner employees would only communicate with Plaintiff by e-mail, and not telephone;
- Imposing a policy that encouraged certain employees to refuse to assist Plaintiff with certain job responsibilities;
- Denying Plaintiff certain training opportunities that were made available to other, similarly-situated Time-Warner employees;
- Arbitrarily taking sales accounts from Plaintiff and giving them to male co-workers;
- Failing to pay Plaintiff commissions she earned through completed sales;
- Making or allowing others to make offensive and sexually harassing comments to Plaintiff;
- Failing to engage in a good-faith interactive process in order to accommodate Plaintiff's disabilities; and
- Failing reasonably to accommodate Plaintiff for her disabilities.

*Id.*

Plaintiff alleges that these actions were motivated by her disabilities, and constituted retaliation for her requests for accommodations and taking medical leave. *Id.* ¶ 23. The FAC also alleges that, as a result of Defendants' alleged misconduct, her medical issues were aggravated and she suffered from severe emotional distress. *Id.* ¶ 22. This allegedly caused Plaintiff to take medical leave from work starting in September 2014. *Id.* Plaintiff alleges that Time-Warner wrongfully terminated her employment on March 2, 2015. *Id.* ¶¶ 22, 99-106.

Based on these allegations, the FAC advances the following causes of action:

(1) Disability Discrimination in Violation of FEHA, Cal. Gov. Code § 12940(a) – Against Time-Warner
(2) Failure to Accommodate in Violation of FEHA, Cal. Gov. Code § 12940(m) – Against Time-Warner
(3) Failure to Engage in the Interactive Process in Violation of FEHA, Cal. Gov. Code §§ 2940(n) and 12926.1(e) – Against Time-Warner
(4) Failure to Prevent Discrimination and Harassment in Violation of FEHA – Against Time-Warner
(5) Retaliation in Violation of Cal. Lab. Code 1102.5 – Against Time-Warner
(6) Retaliation in Violation of FEHA, Cal. Gov. Code § 12940(h) – Against Time-Warner
(7) Intentional Infliction of Emotional Distress – Against all Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

      (8)     Wrongful Termination in Violation of Public Policy – Against Time-Warner
      (9)     Negligent Hiring, Supervision, and Retention – Against Time-Warner
      (10)    Failure to Pay Wages – Against Time-Warner
      (11)    Failure to Pay Wages Owed at Termination in Violation of Cal. Lab. Code §§ 201, 203 – Against Time-Warner
      (12)    Unfair Business Practices in Violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 – Against Time Warner

FAC, Dkt. 1-3 ¶¶ 27-128.

### III.    <u>Procedural Background</u>

Prior to filing the Complaint in this action, Plaintiff filed an administrative complaint with the California Department of Fair Employment and Housing ("DFEH"). *See* Declaration of Atoy H. Wilson ("Wilson Decl."), Dkt. 9-1 ¶ 5. On April 16, 2015, DFEH issued a right-to-sue notice to Plaintiff. Ex. C to Wilson Decl., Dkt. 9-2 at 46. The right-to-sue notice provided that Plaintiff's administrative complaint was also filed with the U.S. Equal Employment Opportunity Commission ("EEOC"), and that Plaintiff could bring a civil action under FEHA in a California Superior Court. *Id.* As noted, Plaintiff filed the original Complaint in the Superior Court on March 1, 2016. Compl., Dkt. 1-1. On November 30, 2017, the Superior Court granted Plaintiff's motion for leave to file the FAC, which was subsequently filed on December 1, 2017. *See* Wilson Decl. ¶¶ 6-7; FAC, Dkt. 1-3.

Defendants removed the action on January 12, 2018, which was almost two years after it was filed, and more than 30 days after the FAC was filed. Notice of Removal, Dkt. 1.

### IV.    <u>Positions of the Parties</u>

As noted, in support of the removal, Defendants claimed that it was appropriate because the FAC states claims that arise under ERISA for which there is exclusive, federal jurisdiction. Defendants also asserted that jurisdiction extends to claims by employees to recover benefits allegedly due under an employee benefit plan. *See* Notice of Removal, Dkt. 1 ¶¶ 6-8. With respect to the timing of removal, Defendants contend that they did so promptly after the initiation of Plaintiff's deposition on December 19, 2017, and claim that is when they first learned that Plaintiff's claims were based on allegations that she was wrongfully denied benefits under disability plans covered by ERISA. *See id.* ¶ 7; Exs. 4-5 to Declaration of James A. Bowles ("Bowles Decl."), Dkt. 16-3 at 80-90 (Plaintiff Depo. Tr. Excerpts).

Plaintiff disputes that the claims arise under ERISA as well as Defendants' contention that they first learned about the nature of the claims through Plaintiff's deposition testimony. Accordingly, Plaintiff contends that there is no federal jurisdiction, and that the removal was untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
|---|---|---|---|
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

**V.**     **Analysis**

    A.    Legal Standards

        1.    Removal

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed, and any doubt as to the appropriateness of removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

In general, a case must be removed within 30 days of the service or notice of the initial complaint. *See* 28 U.S.C. § 1446(b). However, if the basis for claimed federal jurisdiction does not arise until a later time, the 30-day time period begins when the defendant receives an amended pleading or "other paper" which first discloses the basis for federal jurisdiction. 28 U.S.C. § 1446(b)(3); *see also Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1142 (9th Cir. 2017).

        2.    Federal Question Jurisdiction

28 U.S.C. § 1331 provides a district court with original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Pursuant to the well-established well-pleaded complaint rule, "a suit arises under federal law for 28 U.S.C. § 1331 purposes only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Hawaii ex rel Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (internal quotation marks omitted). Thus, the operative analysis calls for an examination of the complaint alone. *See Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011).

    B.    Application

        1.    Whether Removal Was Timely Pursuant to 28 U.S.C. § 1446

Pursuant to 28 U.S.C. § 1446(b) a removal must be made within 30 days of the receipt by the removing party of a pleading or "other paper" that discloses for the first time the basis for federal jurisdiction. 28 U.S.C. § 1446(b)(3); *Chan Healthcare*, 844 F.3d at 1142. Defendants removed this action on January 12, 2018. Notice of Removal, Dkt. 1. This was more than 30 days after both the filing of the Complaint on March 1, 2016 (Compl., Dkt. 1-1) and the filing of the FAC on December 1, 2017 (FAC, Dkt. 1-3).

Defendants argue that they first learned of the basis for federal jurisdiction during Plaintiff's deposition, which began on December 19, 2017, and continued on December 21, 2017. Because they removed the action within 30 days after receiving this notice, they claim that the removal was timely. *See* Notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
|---|---|---|---|
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

Removal, Dkt. 1 ¶ 7 ("Plaintiff's deposition testimony on December 19, 2017 was the first time [Time-Warner] learned that Plaintiff was claiming that she was wrongfully denied benefits under [Time-Warner's] ERISA-governed short and long term disability plans."). Defendants contend that Plaintiff's deposition testimony constitutes "other paper" as defined by Section 1446(b)(3) for purposes of determining the timeliness of removal. In general, "[t]he term 'other paper' includes written discovery responses, settlement offers, demand letters, deposition testimony, and correspondence between counsel." *Bea v. Encompass Ins. Co.*, No. 13-cv-00008-JLQ, 2013 WL 1747910, at *2 (N.D. Cal. Apr. 23, 2013) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007)). *See also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) ("[W]e 'don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove.'") (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).

The Ninth Circuit has held that "the first thirty-day removal period comes into play only if removability is ascertainable from 'examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.'" *Carvalho v. Equifax Information Servs., LLC* 629 F.3d 876, 886 (9th Cir. 2010) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). This rule requires "a defendant to apply a reasonable amount of intelligence in ascertaining removability," but not "make extrapolations or engage in guesswork." *Kuxhausen*, 707 F.3d at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

Defendants refer to portions of Plaintiffs deposition testimony in which she clarified certain allegations in the FAC about the delay in the payment of certain benefits to her. *See* Dkt. 16 at 9-12. Although the FAC does not seek an award of such benefits, this testimony provides support for the view that the claim for infliction of emotional distress claim is based, in part, on the alleged delay in making such payments from the applicable short term and long term disability plans. *See* Hoeft Depo. Tr., Exs. 4-5 to Bowles Decl., Dkt. 16-3 at 20:15-21:2, 24:3-27:22, 253:6-21.

Defendants have not shown that Plaintiff's deposition testimony raised matters that could not have been determined from a reasonable assessment of the allegations in the Complaint and FAC. Defendants concede in the Opposition that the Complaint and the FAC each includes allegations about withholding of employee benefits. *See* Dkt. 16 at 8; Compl., Dkt. 1-1 ¶¶ 78, 85; FAC ¶¶ 76, 92. Thus, Defendants were already on notice that Plaintiff's retaliation claim was premised, in part, on the allegation that Plaintiff suffered "intentional interference with and withholding of rightful benefits and compensation due to Plaintiff while on leave." FAC ¶ 76. Similarly, Defendants were on notice that Time-Warner's alleged "interfer[ence] with and depriv[ation]" of Plaintiff's "disability benefits" formed the partial basis for her intentional infliction of emotional distress claim. *Id.* ¶ 92. Consequently, the allegations relating to benefits covered by ERISA were present for almost two years prior to the removal, and it did not require "extrapolations or guesswork," to have linked them to the benefits available under the ERISA plans. *Kuxhausen*, 707 F.3d at 1140.[1]

Finally, because any doubt as to the appropriateness of removal is to be resolved in favor of remand,

---

[1] At the hearing, Defendants' counsel stated that his firm's practice is to seek deposition testimony prior to making other discovery requests. However, it would have required little effort through a contention interrogatory to have obtained more details about the alleged denial of certain benefits. Therefore, the decision not to do so is consistent with the view that Defendants already had sufficient information as to the scope of the claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

the foregoing reasons are sufficient to warrant that result because the removal was not timely. *Gaus*, 980 F.2d at 566.

   2. <u>Whether There is Federal Question Jurisdiction</u>[2]

     a) Complete Preemption – Legal Standards

Under the well-pleaded complaint rule, a claim arises under federal law for purposes of federal question jurisdiction "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Louie*, 761 F.3d at 1034. It is well settled that a case may not be removed on the basis of a federal defense, including preemption, even if the defense is reasonably anticipated by the complaint, and even if both parties were to concede that the federal defense is the only question at issue. *See Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003) (citing *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)). There is an exception to the well-pleaded complaint rule where "the preemptive force of some statutes is so strong that they completely preempt an area of state law." *Id.* (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)). "When the doctrine of complete preemption applies, any claim based on the preempted state law is considered to arise under federal law. *Id.*

Complete preemption is distinct from "conflict" or "field" preemption. Thus, "[w]hile these two concepts are linguistically related, they are not as close kin jurisprudentially as their names suggest. Complete preemption is a jurisdictional doctrine, while ordinary preemption simply declares the primacy of federal law, regardless of the forum or the claim." *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005) (internal quotation marks and citations omitted). "Ordinary" preemption, which is a federal defense, does not provide a basis for removal, even when such a defense is "obvious." *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) ("[E]ven an obvious pre-emption defense does not, in most cases create removal jurisdiction."); *Dahl*, 316 F.3d at 1077. By contrast, complete preemption recognizes the exclusivity of federal jurisdiction over certain claims and displaces state law such that related claims do not exist. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 11 (2003) (applying complete preemption to National Bank Act and concluding that "there is, in short, no such thing as a state-law claim of usury against a national bank.").

The Supreme Court has applied the complete preemption doctrine to state claims that implicate ERISA. *See Metropolitan Life*, 481 U.S. at 66-67 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] § 502(a) removable to federal court."); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (quoting *Metropolitan Life*, 481 U.S. at 65-66).

The issue presented is whether the claims advanced by Plaintiff are "within the scope" of the ERISA civil enforcement provision set forth in Section 502 of ERISA. *Metropolitan Life*, 481 U.S. at 66-67. That section provides, in relevant part, that a civil action may be brought by a participant or beneficiary to an

---

[2] Because removal was untimely, which is a sufficient, independent basis for remand, the consideration of federal question jurisdiction is not required, but is presented for completeness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
|---|---|---|---|
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

employee benefits plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Applying the standards of *Davila*, the Ninth Circuit has adopted a two-part test to determine whether a state-law claim is completely preempted by Section 502: "[A] state law cause of action is completely preempted if (1) an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated by a defendant's actions." *Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107-08 (9th Cir. 2011) (internal quotation marks omitted) (citing *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009)).³

The *Davila* test is conjunctive, and a "state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Marin General*, 581 F.3d at 947. Accordingly, in order to avoid remand under *Davila*, Defendants must establish that Plaintiff could have brought her claims under ERISA § 502(a), and that there is no other independent legal duty imposed on Defendants by those state claims.

    b)  *Davila* Prong 1: Whether Plaintiff Could Have Brought Her Claims Under ERISA § 502(a)

ERISA § 502(a) authorizes a plan participant or beneficiary to bring a civil action to recover unpaid benefits or to clarify rights to future benefits under the terms of the plan. *See* 29 U.S.C. § 1132(a)(1)(B). It also creates a private cause of action for injunctive relief to enjoin practices that violate Section 502, or the terms of the benefits plan. *See* 29 U.S.C. § 1132(a)(3); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 799 (9th Cir. 1987) (complete preemption applies to claims arising under Section 502(a)(3)).

Defendants argue that Plaintiff's retaliation claim, as clarified by her deposition testimony, "specifically makes a claim under and refers to [Time-Warner's] short and long-term disability benefits plans, and she seeks lost disability benefits purportedly due her under those plans." Dkt. 16 at 21. To support the argument that the claims could have been brought under ERISA, Defendants rely on two paragraphs of the FAC. They allege that Defendants interfered with and withheld certain benefits in connection with Plaintiff's disability leave. *See* FAC, Dkt. 1-3 ¶¶ 76, 92. As noted, Plaintiff also testified at her deposition that she suffered from emotional distress that was caused in part by Time-Warner's delay in paying certain benefits. *See* Hoeft Depo. Tr., Dkt. 16-3 at 20:15-21:2.

---

³ Although the two-part test only refers to Section 502(a)(1)(B), complete preemption also applies to the other subparts of Section 502(a). *Id.* at 1108 (citing *Metropolitan Life*, 481 U.S. at 66). However, complete preemption only applies to Section 502, and not to other provisions of ERISA that have preemptive effect. There are "two strands of ERISA preemption: (1) express preemption under ERISA § 514(a); and (2) preemption due to a conflict with ERISA's exclusive remedial scheme set forth in [ERISA § 502(a)]." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081 (9th Cir. 2009) (citing *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005)). "All of these preemption provisions defeat state-law causes of action on the merits." *Fossen*, 660 F.3d at 1107. But only preemption under ERISA § 502(a) "also confers federal subject matter jurisdiction for claims that nominally arise under state law." *Id.* This distinction is significant. Although Section 514(a) expressly preempts state claims that "relate to any employee benefit plan," *see* 29 U.S.C. § 1144(a), that only provides a defense to a plaintiff's claims on the merits, not a basis for removal jurisdiction pursuant to the complete preemption doctrine. *See Marin General*, 581 F.3d at 945 ("[A] defense of [] preemption under § 514(a) does not confer federal question jurisdiction on a federal district court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
|---|---|---|---|
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

These allegations, even when coupled with Plaintiff's deposition testimony, are insufficient to establish that Plaintiff could have brought her claims under ERISA. At the core of Plaintiff's allegations are claims of discrimination and retaliation. The FAC alleges that, during the course of her employment at Time-Warner, she became disabled, and was then subjected to discrimination due to her condition, and in retaliation for seeking reasonable accommodations due to her disabilities. *See* FAC, Dkt. 1-3 ¶¶ 20-23. The FAC also alleges that Plaintiff suffered several adverse employment actions, including ones unrelated to the benefits claimed under the ERISA plans. These include: encouraging employees not to communicate with Plaintiff by telephone; removing Plaintiff from certain sales accounts, and giving them to her male co-workers; failing to pay Plaintiff certain wages and commissions; and allowing employees to make sexually offensive and harassing comments about her. *Id.* ¶ 20.

"No ERISA cause of action lies . . . when the loss of [plan] benefits was a mere consequence of, but not a motivating factor behind, the termination of benefits." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1405 (9th Cir. 1988); *see also Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 974 (9th Cir. 1993) ("[I]f the loss of ERISA benefits was a result of rather than a motivation for a wrongful discharge, there was no cause of action under ERISA."). Accordingly, where "a plaintiff's state law claims are, at most, tangentially related to any benefits plan, the underlying cause of action should not be removed from the state court." *Fitzgerald v. Celergy Networks Inc.*, 67 Fed. Appx. 390, 392 (9th Cir. 2003).

The FAC does not allege, and Plaintiff's deposition testimony does not suggest, that she claims that her termination was motivated by Time-Warner's desire to avoid paying disability benefits to her. Rather, the gravamen of the FAC is that Defendants engaged in disability discrimination and retaliation against Plaintiff in response to her disabilities, and in violation of FEHA and other California law. *See Ethridge*, 861 F.2d at 1405; *see also Reynolds v. Diamond Pet Food Processors of Cal., LLC*, No. 15-cv-02118-JAM, 2016 WL 1711671, at *2-3 (E.D. Cal. Apr. 29, 2016) (granting motion to remand claims based on discrimination and wage and hour on the grounds that complete preemption under ERISA did not apply). Nor has Plaintiff sought to recover the allegedly withheld disability benefits. *See* FAC, Dkt. 1-3 at 23 (Prayer for Relief); Wilson Decl., Dkt. 9-1 ¶ 14 (Plaintiff included the allegations pertaining to disability benefits "merely to justify punitive damages by showing that Defendant's conduct was egregious, not to suggest that Defendant fired Plaintiff to avoid paying benefits.").

Defendants rely on *Washington v. AT & T Corp.*, No. 10-cv-3751-LB, 2011 WL 233004, at *4-6 (N.D. Cal. Jan. 24, 2011). In *Washington*, the plaintiff alleged that defendants harassed him in retaliation for his taking medical leave when they "denied his short term disability claiming his medical condition did not meet the criteria, despite the fact that Defendants refused to authorize a MRI which would have clarified and determined the extend of Plaintiff's injury." *Id.* at *5. The court held this allegation satisfied the first prong of the *Davila* test because it constituted "an effort by Plaintiff to recover benefits due to him under the terms of the plan . . . [and] the dispute necessarily involves determining Plaintiff's rights under the plan." *Id.* (citing 29 U.S.C. § 1132(a)(1)(B) (internal quotation marks omitted).

*Washington* is distinguishable. The issue presented there related directly to the plaintiff's eligibility for certain benefits under the ERISA plans. Therefore, it was squarely within the scope of ERISA Section 502(a). No similar allegation has been made in this action. Instead, Plaintiff cites Time-Warner's efforts to delay certain benefits as one of several examples of its discriminatory and retaliatory conduct. *See Reynolds*, 2016 WL 1711671, at *3 (references to benefits that are "limited and general, especially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

when read in the context of the entire [complaint]" did not meet the *Davila* test for complete preemption) (citing *Fitzgerald*, 67 Fed. Appx. at 391). Indeed, as noted, Plaintiff is not seeking to recover any allegedly withheld disability benefits and does not seek a clarification of her rights to future benefits. *See* 29 U.S.C. § 1132(a)(1)(B).

*Karambelas* is consistent with this analysis. There, the plaintiff advanced wrongful termination claims in a state court action. The complaint alleged that his employer improperly blamed him for matters for which he had no responsibility. *See Karambelas*, 992 F.2d at 972. At his deposition, the plaintiff testified that his employer's decision to terminate him might have been motivated by a desire to deny him certain retirement benefits. *Id.* The employer removed the action on the basis of this deposition testimony. It argued that the claims were completely preempted by ERISA. *Id.* at 973. The Ninth Circuit disagreed:

> Karambelas never pled and never sought recovery for a claimed violation of his ERISA pension rights. He asserts that he could not honestly do so. To find federal jurisdiction in this case we would have to insist that it can be based upon nothing more than some speculative answers to clever questioning during the heat of a deposition. . . . That mere simulacrum of a possible unasserted ERISA claim was insufficient to form a basis for federal jurisdiction. Therefore, the case should have been remanded to the state court.

*Id.* at 975.

This analysis applies here. Plaintiff's deposition testimony reflects that the payment of certain benefits was delayed. There was no testimony about any claimed reason for this claimed action.[4] There is no basis to conclude that any of the state law claims could have been brought under ERISA Section 502(a).

        c)     *Davila* Prong 2: Whether Plaintiff's Claims Implicate Independent Legal Duties

Under the second prong of the *Davila* complete preemption test, Defendants must show that "there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. at 210. The Ninth Circuit has held that it is "not enough for complete preemption that . . . claims 'relate to' the underlying ERISA plan, or that ERISA § 502(a)(1)(B) may provide a similar remedy. The question under the second prong of *Davila* is whether the complaint relies on a legal duty that arises independently of ERISA." *Marin General*, 581 F.3d at 950.[5]

---

[4] The circumstances here are different from those in cases in which plaintiffs specifically alleged that an adverse employment action was motivated by a desire to deny or avoid the payment of certain benefits under ERISA plans. *See, e.g.*, *Felton v. Unisource Corp.*, 940 F.2d 503, 505 (9th Cir. 1991) (ERISA preempted state law causes of action because plaintiff alleged that Defendants fired the plaintiff "in order to" avoid paying ERISA benefits); *Khan v. Kaiser Found. Health Plan, Inc.*, No. 10-cv-04704, 2011 WL 445940, at *4 (N.D. Cal. Feb. 3, 2011) (the first prong of *Davila* test was satisfied where Plaintiff alleged that his employer terminated him "for the intended purpose of denying his receipt of a lifetime pension.').

[5] Defendants' argument that Plaintiff's claims are expressly preempted by ERISA Section 514(a) because they "relate to" an ERISA plan is unpersuasive. *See* Dkt. 16 at 23. Such an argument "confuse[s] . . . preemption under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
|---|---|---|---|
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

Plaintiff advances claims for disability discrimination and retaliation under FEHA, wrongful termination in violation of public policy, wage and hour claims under the California Labor Code, violations of the UCL based on the alleged discrimination and retaliatory conduct, and intentional infliction of emotional distress. *See generally* FAC, Dkt. 1-3. None of these claims is based on an obligation under an ERISA plan. Nor does the viability of the claims depend on the presence of an ERISA plan. Instead, these claims are based on other independent legal duties recognized in *Davila*. *See Marin General*, 581 F.3d at 950; *see also Damon v. Korn/Ferry Intern.*, No. 15-cv-2640, 2015 WL 2452809, at *3 (C.D. Cal. May 19, 2015) ("Plaintiff's breach of contract and UCL claims depend on interpretations of state law, and do not in any way require the interpretation of an ERISA plan administered by Defendants. For these reasons, Plaintiff's causes of action are based on an independent legal duty and do not satisfy the second prong of *Davila*."). Therefore, the claims are distinguishable from those presented in the cases on which Defendants rely. Those cases, involved state claims that were "expressly dependent on federal law . . . because the [state] statute, by its very terms, applies only to ERISA plans." *Fossen*, 660 F.3d at 1111.

Because Defendants have failed to establish that Plaintiffs claims meet either prong of the *Davila* test, the claims are not completely preempted by ERISA for purposes of establishing federal question jurisdiction.

\*        \*        \*

For the foregoing, independent reasons, the Motion is **GRANTED**.

### 3. Plaintiff's Request for Attorney's Fees

Plaintiffs have requested an award of attorney's fees incurred in responding to the Motion. Such a request is permitted pursuant to 28 U.S.C. 1447(c). The award of attorney's fees and expenses is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). When an objectively reasonable basis for seeking removal exists, a request for attorney's fees under Section 1447(c) should be denied. *Id.* (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)).

The standards for granting attorney's fees under Section 1447(c) have not been satisfied. The scope of ERISA preemption is broad, and may provide a basis for removal jurisdiction. *See Metropolitan Life*, 481 U.S. at 66-67; *Davila*, 542 U.S. at 214-16. Therefore, because an objectively reasonable basis for seeking removal has been presented, the request for fees and expenses is **DENIED**.

## VI. Conclusion

For the reasons stated in this Order, the Motion to Remand is **GRANTED**, and the accompanying

---

§ 514(a) with complete preemption under § 502(a)(1)(B)." *Id.* Whether Section 514(a) preempts Plaintiff's claims is an affirmative defense, which cannot form the basis for removal jurisdiction. *See id.* at 945.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV18-00293 JAK (MRWx) | Date | May 2, 2018 |
|---|---|---|---|
| Title | Lori Hoeft v. Time Warner Cable, Inc., et al. | | |

request for attorney's fees is **DENIED**. The case is hereby **REMANDED** to the Los Angeles Superior Court, Stanley Mosk Courthouse, Case No. BC611993.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |